IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MEGAN ELIZABETH SHEPARD, ) | | |
| Plaintiff, ) | Case No. _____ | |
| ) | | |
| v. ) | DEMAND FOR JURY TRIAL | |
| ) | | |
| KANSAS COALITION AGAINST ) | | |
| SEXUAL AND DOMESTIC ) | | |
| VIOLENCE, INC., ) | | |
| Defendant. ) | | |

## COMPLAINT

COMES NOW, the Plaintiff, Megan Elizabeth Shepard, by and through her undersigned counsel, Bruce Alan Brumley and Chloe Elizabeth Davis, and for their causes of action against Defendant, Kansas Coalition Against Sexual and Domestic Violence, Inc., states the following:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Megan Elizabeth Shepard (hereinafter "Plaintiff") is an individual residing in Shawnee County, Kansas.

2. Defendant Kansas Coalition Against Sexual and Domestic Violence, Inc. (hereinafter "Defendant") is a Kansas Not for Profit Corporation doing business in Kansas within the boundaries of the State of Kansas. Defendant may be served with process via its Registered Agent in Shawnee County, Kansas.

3. This action arises under the Americans with Disabilities Act of 1990, Title 42, Chapter 126, Section 12101, *et. seq.*, of the United States Code, as amended (hereinafter "ADA") related to various sections including employment, accommodation, discharge, retaliation, attorney's fees, and compensatory and punitive damages.

4. This action also arises under the Kansas Act Against Discrimination, Chapter 44, Article 10, Section 1001, *et. seq.*, of the Kansas Statutes Annotated (hereinafter "KAAD"), related to

1

various sections including employment, accommodation, discharge, retaliation, attorney's fees, and compensatory and punitive damages.

5. As to the claims enumerated herein that arise under federal law, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

6. As to the claims enumerated herein that arise under state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as the claims enumerated herein that arise under state law are so related to claims herein that arise under federal law that they form part of the same case or controversy.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendants are subject to the Court's personal jurisdiction within this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 7 as if fully set forth herein.

9. Plaintiff dually filed separate Charges of Discrimination with the Kansas Human Rights Commission (hereinafter "KHRC") against the Defendant on or about October 1, 2021. The complaints were dual filed with the Equal Employment Opportunity Commission (hereinafter "EEOC").

10. Plaintiff was issued her Notice of Right to Sue letter dated September 8, 2022, by the United States Equal Employment Opportunity Commission on or about September 12, 2022.

11. Plaintiff's claims herein were subject to the KHRC/EEOC investigation referenced above.

12. Plaintiff has exhausted her administrative remedies pursuant to 29 C.F.R. §1601, *et. seq.* and K.S.A. §44-2005, *et. seq.*, or any other rule, law, statute, or regulation.

13.     Plaintiff has fully complied with any and all administrative and jurisdictional prerequisites to the institution of this action in this Court.

## ALLEGATIONS COMMON TO ALL COUNTS

14.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 13 as if fully set forth herein.

15.     Plaintiff was hired by Defendant as a Prison Rape Elimination Act Coordinator in approximately April 2019, a job she was always qualified, including now, to do and perform.

16.     Plaintiff suffers from attention-deficit/hyperactivity disorder, major depressive disorder, and generalized anxiety disorder, all of which substantially limit her major life activities and will continue to do so for more of her lifetime.

17.     On or about July 16, 2021, Plaintiff contacted her supervisors to make a request for reasonable accommodations under the ADA and KAAD.

18.     Instead of engaging in the interactive process with Plaintiff, Defendant failed to further discuss or engage with Plaintiff regarding her requests for reasonable accommodation.

19.     On or about July 17, 2021, only eleven days following Plaintiff's request for reasonable accommodation to her supervisors, Defendant abruptly terminated Plaintiff's employment.

20.     Plaintiff was discharged from her employment with Defendant in an act of discrimination, retaliation, and failure to accommodate, violating her rights under the ADA and KAAD.

21.     Plaintiff's disabilities described throughout this complaint qualify as disabilities within the meaning of the ADA and KAAD.

22.     Plaintiff's disabilities are of a nature of impairment making Plaintiff a qualified individual within the meaning of the ADA and KAAD.

23.     Plaintiff's disabilities are recognized impairments as defined by the ADA and KAAD.

24. Plaintiff's disabilities affect more than one appropriate major life activity with impairments that substantially limit those activities as defined by the ADA and KAAD.

25. Plaintiff has a record of her disabilities as shown by her treatment and disclosures to Defendant of her disabilities, which were known to this Defendant employer.

26. At all times of Plaintiff's employment and afterwards up to and continuing through today's date and beyond, even with her disabilities, she qualified for work with Defendant and continues to do so, both with or without reasonable accommodations.

27. Despite Plaintiff's disabilities, that at all times described in this complaint, currently and into the future, Plaintiff has been and continues to be qualified physically and mentally to perform her job performed at Defendant's place of employment.

28. That despite being a qualified individual with a disability that was and continues to be capable of doing her job, the Plaintiff was terminated by this Defendant.

29. That Plaintiff was not terminated for cause and the termination was in bad faith, based in discrimination, and in retaliation of her disabilities described throughout this complaint.

30. That Defendant is a qualified covered entity under the ADA and KAAD, as Defendant engages in commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

31. Plaintiff was discriminately terminated after making a request for reasonable accommodation.

32. The accommodation requests described throughout this complaint were denied by Defendant and Defendant failed to engage in the interactive process with Plaintiff.

33. That Plaintiff complained to her supervisors regarding the unlawful termination and failure to accommodate committed by Defendant.

34. That Defendant did not accommodate Plaintiff despite her reasonable requests for such accommodations.

35. That Defendant did nothing to prevent and/or remedy the discrimination, retaliation, and failure to accommodate committed by Defendant employees.

36. That Defendant terminated Plaintiff due to her disabilities and request for reasonable accommodation, as opposed to allowing reasonable accommodations, engaging in the interactive process, or stopping illegal discrimination on the basis of disability.

37. That the termination described through this complaint was discriminatory and in an act of retaliation for making a request for reasonable accommodation pursuant to the ADA and KAAD, which the Defendant failed to engage in the interactive process and thereby failed to accommodate Plaintiff.

**COUNT I – DESCRIMINATION ON THE BASIS OF DISABILITY**
**(In Violation of the Americans with Disabilities Act of 1990 as Amended and the Kansas Act Against Discrimination)**

38. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 37 as if fully set forth herein.

39. Defendant discriminated against a qualified individual (Plaintiff) with a disability because of her disabilities.

40. Defendant discriminated against Plaintiff as an individual with a disability in regard to her ultimate discharge from employment with Defendant.

41. Defendant discriminated against Plaintiff as an individual with a disability in regard to her overall compensation from Defendant.

42. Defendant discriminated against Plaintiff as an individual with a disability in regard to her job training, and other terms, conditions, and privileges of her employment.

43. Plaintiff requested the use of simple accommodations such as editing software, flexible scheduling, and the recording or otherwise reducing to writing meetings, instructions, and deadlines.

44. Plaintiff's requests for editing software, flexible scheduling, and the recording or otherwise reducing to writing meetings, instructions, and deadlines did not prevent her from working the job she had been working for Defendant.

45. Defendant was aware of the disabilities and other simple concerns related to accommodation throughout this complaint.

46. While employed by Defendant and/or under the control of Defendant, Plaintiff was treated differently than other employees in the same and similar position.

47. Upon Plaintiff's request for reasonable accommodations for her disabilities, Defendant failed to accommodate Plaintiff and abruptly terminated Plaintiff's employment.

48. Defendant herein this case failed to take reasonable steps to prevent this discrimination from occurring and to protect Plaintiff from said conduct or retaliation from requesting a reasonable accommodation.

49. Defendant failed to properly train their supervisors concerning their duties and obligations under civil rights laws, including the ADA and KAAD.

50. Defendant's discriminatory conduct herein this case maliciously or recklessly violated Plaintiff's rights under the ADA and KAAD, and such a violation is sufficient to warrant an award of punitive damages.

51. As a direct and proximate result of Defendant's discriminatory actions herein this case, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

52.     Plaintiff is entitled to attorney's fees as provided in the ADA and for the fees and costs in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in their favor against Defendant on Count I of Plaintiff's Complaint, finding that she was subject to discrimination due to her disabilities or perceived disabilities in violation of the Americans with Disabilities Act of 1990, as amended, and the Kansas Act Against Discrimination, for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of compensatory and punitive damages, the costs of this action, reasonable attorneys' fees, and for other such relief as the Court deems just and equitable.

### COUNT II – RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY
**(In Violation of the Americans with Disabilities Act of 1990 as Amended and the Kansas Act Against Discrimination)**

53.     Plaintiff incorporates by reference all aforementioned paragraphs 1 through 52 above as if fully set forth herein.

54.     Plaintiff engaged in protected activity protected by the ADA and KAAD by requesting reasonable accommodations.

55.     As a result of engaging in protected activity, Defendant subjected Plaintiff to an adverse employment action subsequent to the protected activity, including terminating Plaintiff's employment.

56.     A causal – or more accurately a direct – connection exists in relation to engaging in the protected activity described throughout this complaint and the adverse action by Defendant in terminating Plaintiff's employment and failing to engage in the interactive process with Plaintiff.

57.     Plaintiff complained to Defendant about Defendant's failure to accommodate Plaintiff and Plaintiff's termination.

58. Defendant denied accommodation and did not take such requests for accommodation in good faith, and instead retaliated against such requests, discriminated against Plaintiff's disabilities, which is demonstrated by Plaintiff's termination taking place only eleven days after Plaintiff's request for reasonable accommodation.

59. Defendant terminated Plaintiff in retaliation of Plaintiff exercising her legally protected rights under the ADA and KAAD.

60. Defendant herein this case failed to take reasonable steps to facilitate the interactive process between Plaintiff and Defendant.

61. Defendant herein this case failed to take reasonable steps to protect Plaintiff from retaliation.

62. Defendant herein failed to properly train supervisors concerning their duties and obligations under civil rights laws, including the ADA and KAAD.

63. Properly trained employees and supervisors would have engaged in the interactive process with Plaintiff and/or properly elevated Plaintiff's request to facilitate the interactive process with Plaintiff.

64. Properly trained employees and supervisors would grant a reasonable request for accommodation.

65. Defendant's conduct herein maliciously or recklessly violated Plaintiff's rights under the ADA and KAAD, and such a violation is sufficient to warrant an award of punitive damages.

66. As a direct and proximate result of Defendant's actions and retaliation herein, Plaintiff has suffered and will continue to suffer emotional distress, humiliation, a deprivation of income, as well as other monetary and non-monetary damages.

67. Plaintiff is entitled to attorney's fees for this retaliation, requiring the bringing of this claim as provided in the ADA, and for the fees and costs incurred in bringing this action.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on Count II of her Complaint, finding that Plaintiff was terminated in retaliation for engaging in protected activity in violation of the Americans with Disabilities Act of 1990, as amended, and the Kansas Act Against Discrimination for an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of compensatory and punitive damages, the costs of this action, reasonable attorney's fees, and for other such relief as the Court deems just and equitable.

## **DAMAGES**

68. Plaintiff incorporates by reference all aforementioned paragraphs 1 through 67 above as if full set forth herein.

69. Defendant herein discriminated against Plaintiff on the basis of her disabilities with malice and reckless indifference as to the legally protected rights of the Plaintiff.

70. As a result, Plaintiff has suffered monetary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, among other non-monetary damages.

71. Defendant employs more than fifteen but less than one hundred employees.

72. Plaintiff prays for compensatory and punitive damages in the amount of $50,000.00, as Defendant employs more than fifteen but less than one hundred employees.

73. Plaintiff prays for injunctive relief in the form of reinstatement with backpay including benefits, reasonable accommodations, and interest incurred.

74. Plaintiff alternatively prays for injunctive relief in the form of backpay including benefits with interest incurred, and front pay including benefits with interest incurred, in place of reinstatement.

75. Plaintiff prays for damages in the amount of reasonable attorney's fees.

76. Plaintiff prays for damages in the amount of court costs incurred in bringing this action.

77. Plaintiff prays for any other damages and relief as this Court may deem necessary, just, and equitable as allowed by the ADA and KAAD or any other relevant source of law related to these claims or within the power of the Court.

WHEREFORE, Plaintiff prays the Court enter judgment in her favor against Defendant on all Counts of her Complaint, finding that Plaintiff was terminated in an act of discrimination and in an act of retaliation for opposing discrimination in violation of the Americans with Disabilities Act of 1990, as amended, and the Kansas Act Against Discrimination. Plaintiff prays for an award of compensatory and punitive damages in the amount of $50,000.00, an award of back pay and benefits including interest, an award of front pay and benefits including interest, an award of reasonable attorney's fees, an award of the costs of this action, and for other such relief as the Court deems just and equitable.

           Respectfully submitted,

                */s/Bruce Alan Brumley*
                */s/Chloe Elizabeth Davis*
                Bruce Alan Brumley, #16066
                Chloe Elizabeth Davis, #28517
                Brumley Law Office
                2348 SW Topeka Blvd., #201
                Topeka, KS 66611
                P: (785) 267-3367 / F: (785) 233-3161
                chloe@brucebrumleylaw.com
                bruce@brucebrumleylaw.com

**DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, and pursuant to Federal Rule 38(b)(1), demands a trial by jury on all of these issues in the above-captioned case.

*/s/Bruce Alan Brumley*
*/s/Chloe Elizabeth Davis*
Bruce Alan Brumley, #16066
Chloe Elizabeth Davis, #28517
Brumley Law Office
2348 SW Topeka Blvd., #201
Topeka, KS 66611
P: (785) 267-3367 / F: (785) 233-3161
chloe@brucebrumleylaw.com
bruce@brucebrumleylaw.com